UNITED STATES DISTRICT COURT  FOR ONLINE
EASTERN DISTRICT OF NEW YORK  PUBLICATION ONLY
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

BASIL MCKINLEY  MEMORANDUM
  AND ORDER
    Plaintiff,  07 CV 1546 (JG)

  v.

CONTINENTAL AIRLINES, INC.,

    Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

A P P E A R A N C E S:

KOEHLER & ISAACS, LLP
  61 Broadway, 25th Floor
  New York, New York 10006
By: Malcolm A. Goldstein
  Attorneys for Plaintiff

LITTLER MENDELSON, P.C.
  One Gateway Center, 8th Floor
  Newark, New Jersey 07102
By: William Patrick McLane
  Attorneys for Defendant

JOHN GLEESON, United States District Judge:

   On April 13, 2007, Plaintiff Basil McKinley filed a claim of unlawful

termination against Continental Airlines, Inc. ("Continental") pursuant to the Railway

Labor Act, 45 U.S.C. § 152. Continental now moves to transfer venue from this district

to the District of New Jersey. For the reasons set forth below the motion is denied.

BACKGROUND

   The following facts, taken from McKinley's complaint, are assumed to be

true. On April 24, 1996, Continental hired McKinley as a customer service agent for its

1

Newark Airport location.  In August 2004, McKinley and another Continental employee began to discuss the prospect of unionizing Continental's service employees.  Compl. ¶ 5.  Beginning in March, 2006 McKinley agreed to work as a union organizer for Transport Workers Union of America, AFL-CIO ("TWU").  *Id.* at ¶ 7.  McKinley traveled to other airports several times per week to encourage other fleet service employees to sign cards authorizing TWU to represent them for collective bargaining purposes.  *Id.* at ¶¶ 7-8.

On June 28, 2006, Continental supervisors at LaGuardia Airport in New York called the Port Authority police in response to McKinley's organizing efforts at the airport.  *Id.* at ¶ 10.  Continental staff in New Orleans took similar action on August 1, 2006.  *Id.* at ¶ 11.  On August, 2, 2006, Continental management "preferred" employment charges against McKinley based on the LaGuardia and New Orleans supervisors' reports of his "rowdy and abusive manner" towards Continental employees.  Id. at ¶ 12.

On the same day, Continental accused McKinley of two missed work assignments it claimed not to have discovered previously.  *Id.* at ¶ 13. As a result of the alleged missed work assignments, Continental management offered McKinley a written settlement that included a 30-day suspension, loss of travel privileges for 90 days,[1] and an 18-month period of probation.  *Id.* at ¶ 14.  He was also to "respect company policies regarding non-solicitation in the workplace."  Id.

---

[1]    Because McKinley used his privilege of travel on Continental flights to commute from his home in Atlanta to work in Newark, suspension of his travel privilege would make it impossible for him to continue to work in Newark during the period of the suspension.

Rather than sign the settlement, McKinley appealed to an internal company appeal board. *Id.* at ¶ 15. The board denied McKinley's appeal, and he was terminated. *Id.* at ¶ 19. McKinley claims that Continental's stated basis for terminating him -- the alleged missed work assignments -- was pretextual, and that he was actually fired for engaging in protected union organizing activity.

In this motion, Continental claims that transfer of the case to the District of New Jersey is appropriate because a trial in that district would be more convenient to the witnesses, and because most of the operative facts took place in New Jersey.

Oral argument took place on August 2, 2007.

DISCUSSION

A.     The Standard Applicable to Motions to Transfer Venue

A district court may transfer a civil action to another district if transfer is in the interest of justice, and if the convenience of the parties and witnesses warrants transfer. 28 U.S.C. § 1404(a) (1996). When ruling on a motion to transfer, a district court first considers whether the action  might have been brought in the district to which the movant seeks to transfer it, and next considers whether the transfer "promotes convenience and justice." *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 327 (E.D.N.Y. 2006) (citing *Schertenleib v. Traum*, 589 F.2d 1156, 1161 (2d Cir. 1978)). There is no dispute that this action could have been brought in New Jersey. Continental is based in New Jersey, and McKinley worked at Newark Airport and was fired there. *See* 28 U.S.C. § 1391(b).

In considering whether transfer would promote convenience and justice,

district courts have "broad discretion," and consider transfer requests "on a case-by-case basis." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Factors to be considered include the following: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interest of justice, based on the totality of the circumstances. *See In re Hanger Orthopedic Group, Inc. Securities Litigation*, 418 F. Supp. 2d 164 (E.D.N.Y. 2006); *Dealtime.com v. McNulty*, 123 F. Supp. 2d 750 (S.D.N.Y. 2000). The movant has the burden of making a "clear-cut showing" that transfer is warranted. *In re Hanger*, 418 F. Supp. 2d at 176.

B.    <u>Whether This Transfer Promotes Convenience and Justice</u>

I accord a "strong presumption in favor of plaintiff's choice of forum." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981). *See also Distefano v. Carozzi North America, Inc.*, 2002 WL 31640476, *1 (E.D.N.Y. Nov. 16, 2002) (section 1440(a) motion should be granted only "if the plaintiff's choice of forum is 'completely and utterly outweighed by the severe inconvenience of the defendant'") (quoting *Laumann Mfg. Corp. v. Castings USA, Inc.*, 913 F.Supp. 712, 721 (E.D.N.Y. 1996)); *Nat'l Utility Serv., Inc. v. Queens Group, Inc.*, 857 F.Supp. 237, 242 (E.D.N.Y. 1994) ("The courts of this Circuit are loath to disturb a  plaintiff's choice of venue absent a showing that the 'balance of convenience and justice weighs heavily in favor of transfer.'") (quoting

*Somerville v. Major Exploration, Inc.*, 576 F.Supp. 902, 908 (S.D.N.Y. 1983)).

Convenience of witnesses is another powerful factor governing the decision to transfer pursuant to section 1440(a). "Courts consider convenience of witnesses in order to minimize the burden such witnesses must face and to secure live testimony at trial." *Distefano*, 2002 WL 31640476, at *2. At oral argument, Continental asserted that witnesses located at its "Newark Hub" would be inconvenienced by a trial in this district because the travel time between the Newark airport and the federal courthouse in Brooklyn is 50 minutes, as compared with a 15-minute trip between Newark Airport and the New Jersey courthouse.

I do not agree that this 35-minute time difference amounts to the sort of inconvenience to witnesses that outweighs the presumption in favor of McKinley's choice of forum. Furthermore, not all witnesses at trial will travel from New Jersey; witnesses to the events taking place at LaGuardia Airport in Queens, New York will presumably find a trial in Brooklyn to be more convenient.

Even assuming the key events giving rise to the plaintiff's claim took place in New Jersey, this district is an appropriate venue, and it was available to McKinley when he filed his complaint. Absent a more clear-cut showing that pretrial proceedings and a trial in this district will severely inconvenience Continental, the motion to transfer venue pursuant to § 1404 is denied.

## CONCLUSION

For the foregoing reasons, the motion is denied.

So ordered.

John Gleeson, U.S.D.J.

Dated: August 29, 2007
       Brooklyn, New York